UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

BRISTOL L. BAIRD                                                                    PLAINTIFF

v.                                                  CIVIL ACTION NO. 4:16CV-P4-JHM

OFFICER WATKINS *et al.*                                                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Bristol L. Baird's *pro se* complaint pursuant

to 28 U.S.C. § 1915.  For the reasons that follow, the Court will allow a portion of the claims to

proceed and will dismiss all others.

## I. SUMMARY OF CLAIMS

Plaintiff, a convicted prisoner currently incarcerated at the Daviess County Detention

Center, filed a complaint pursuant to 42 U.S.C. § 1983 against the Owensboro Police Department

(OPD), its "Street Crimes Unit," and the following OPD Officers:  Officer Watkins (Badge

#260); Officer Wellman (Badge #300); Officer McKinney (Badge #262); and Officer Matt

Nichols (Badge #243).  He sues all Defendants in their individual and official capacities.

Plaintiff alleges that on December 1, 2015, he was involved in a foot pursuit with members of

the OPD, and that once he was "apprehended by the K9 officers Dog, I remember going down on

the ground and surrendering.  The K9 Dog still had my arm in his mouth shaking my arm

violently."  He claims that even though Officer Watkins was yelling at the dog, the dog kept

biting and shaking him.  Another officer "pulled the dogs jaws off of him."  Plaintiff contends

that the K9 would not listen to his handler "which makes me think the dog was'nt properly

trained or the officers thought this was funny."  He alleges, "I was on the ground with my legs

and arm spread and the Dog just kept mauling me.  There were officers around me just watching the dog shake me violently.  I was surrounded."  Plaintiff alleges excessive force and that the officers should be "charged with Assault."  As relief, Plaintiff seeks damages and injunctive relief.

## II.  <u>STANDARD OF REVIEW</u>

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A.  Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take

2

all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d
478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)
(citations omitted)).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of
the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked
assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*,
550 U.S. at 555, 557).

### III.  ANALYSIS

#### A.  *Claims Against OPD and the Street Crimes Unit and the Official-Capacity Claims Against All Other Defendants*

The Court will dismiss the claims against OPD and its Street Crimes Unit because neither
is an entity subject to suit under § 1983.  *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).
Rather, the claims against the police department are against the City of Owensboro as the real
party in interest.  *Id.* ("Since the Police Department is not an entity which may be sued, Jefferson
County is the proper party to address the allegations of Matthews's complaint.").  As to the
official-capacity claims against all other Defendants, such claims "'generally represent [] another
way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v.
Graham*, 473 U.S. 159, 165-66 (1985) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691
n.55 (1978)).  Therefore, Plaintiff's claims against all Defendants in their official capacities also
are brought against the City of Owensboro.  *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th
Cir. 2008).

The Court liberally construes Plaintiff's complaint, as it must, as asserting a claim against
the City of Owensboro for inadequate training of the officers and the K9 and will allow that
claim to continue.  As this claim is proceeding directly against the City of Owensboro, the Court

will dismiss the official-capacity claims against all other Defendants without prejudice as redundant to and subsumed by the continuing claim against their employer, the city. *See Von Herbert v. City of St. Clair Shores*, 61 F. App'x 133, 140 n.4 (6th Cir. 2003) (Krupansky, dissenting) ("Herbert's official-capacity federal claims against [the individual defendants] were redundant, because they were subsumed by her § 1983 charge against the city."); *Smith v. Brevard Cty.*, 461 F. Supp. 2d 1243, 1251 (M.D. Fla. 2006) (dismissing claims against individuals sued in their official capacity as redundant where their employer was also named as a defendant); *Smith v. Bd. of Cty. Comm'rs of Cty. of Lyon*, 216 F. Supp. 2d 1209, 1219-20 (D. Kan. 2002) (dismissing the claim against the sheriff sued only in his official capacity as redundant since the governmental entity of which he was an officer or agent was also a defendant in the action).

## B. Individual-Capacity Claims Against OPD Officers

Upon consideration, the Court will allow the Fourteenth Amendment claims arising out of the December 1, 2015, incident to proceed against Officers Watkins, Wellman, McKinney, and Nichols in their individual capacities.

## C. Release

As part of the injunctive relief, Plaintiff seeks release. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Because Plaintiff is seeking immediate release from detention, the § 1983 claim for such relief cannot lie and will be dismissed.

4

### *D.  Assault Charges*

Finally, Plaintiff asserts that the officers should be "charged with Assault."  However,

"[a]uthority to initiate a criminal complaint rests exclusively with state and federal prosecutors."

*Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986).  Further, "a private citizen lacks

a judicially cognizable interest in the prosecution or nonprosecution of another."  *Linda R. S. v.*

*Richard D.*, 410 U.S. 614, 619 (1973).  Plaintiff's claim that Defendants should be charged with

assault, therefore, fails to state a § 1983 claim upon which relief may be granted.

## IV.  <u>ORDER</u>

For the foregoing reasons, **IT IS ORDERED** as follows:

(1)  The OPD and its Street Crimes Unit are **DISMISSED** from this action.  **The Clerk of Court is DIRECTED to terminate them as parties to this action and to add the City of Owensboro as a Defendant in the caption**.

(2)  All official-capacity claims are **DISMISSED without prejudice to the continuing claim against the City of Owensboro**.

(3)  The claim that Defendants should be "charged with assault" is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

(4)  The § 1983 claim for release is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) as frivolous.

(5)  **The following claims shall proceed past initial review:  the inadequate training claim against the City of Owensboro and the Fourteenth Amendment claims against Defendants Officers Watkins, Wellman, McKinney, and Nichols in their individual**

**capacities**.  In allowing these claims to continue, the Court passes no judgment on the merit and ultimate outcome of this proceeding.  The Court will enter a separate Order Directing Service and Scheduling Order to govern the development of these continuing claims.

Date:  June 27, 2016

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc:      Plaintiff, *pro se*
          Defendants
          Mayor of the City of Owensboro
4414.005